The custody provisions of the judgment are reversed and the case remanded with directions to the trial court to make written findings in its judgment as required by § 452.375.6 and to enter a child custody judgment consistent with those findings. In the event the custody award is changed from that previously entered, the trial court may, in its discretion, consider the child support requirements. If the trial court concludes the child support requirements are not appropriate, it may, in its discretion, enter such other child support award as it deems warranted in the circumstances. In all other respects, the judgment is affirmed.

RAHMEYER, C.J., and BATES, J., concur.

Spillars, Office of Attorney General, Jefferson City, for Respondent.

Before THOMAS H. NEWTON, Presiding Judge, PATRICIA A. BRECKENRIDGE, Judge, and PAUL M. SPINDEN, Judge.

**ORDER**

Phillip L. Garth appeals the circuit court's judgment convicting him of second degree murder, armed criminal action, and robbery. He claims that the circuit court committed plain error in failing *sua sponte* to order that he undergo a second psychiatric examination for the purpose of determining his competency. Affirmed. Rule 30.25(b).

STATE of Missouri, Respondent,

v.

**Phillip L. GARTH, Appellant.**

**No. WD 61398.**

Missouri Court of Appeals, Western District.

Jan. 13, 2004.

Sarah Weber Patel, Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris and Andrea Kaye

prejudice. Leave is granted wife to seek attorney fees for services rendered on appeal

Robert BELCHER, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 62094.**

Missouri Court of Appeals, Western District.

Jan. 13, 2004.

Vanessa Caleb, Kansas City, MO, for Appellant.

John M. Morris, III, Jefferson City, MO, for Respondent.

upon remand.